UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, LLC DBA AARON'S SALES & LEASE OWNERSHIP, LLC, a foreign for profit limited liability corporation; and DOES 1-20,<br><br>Defendants. | Case No. 2:23-cv-01742<br><br>NOTICE OF REMOVAL |

TO: THE CLERK OF THE COURT

AND TO: PLAINTIFF JACOB ATKINSON THROUGH HIS COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Defendant Aaron's, LLC d/b/a Aaron's Sales & Lease Ownership, LLC ("Aaron's" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of Washington for the County of King ("King County Superior Court") to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446 and Western District of Washington Local Civil Rule 101. In support of its removal of this action, Defendant states as follows:

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## BACKGROUND

1. On or about October 11, 2023, Plaintiff Jacob Atkinson ("Plaintiff") filed this lawsuit in the King County Superior Court, Case No. 23-2-19649-0 SEA against Defendant Aaron's LLC d/b/a Aaron's Sales & Lease Ownership, LLC. A copy of Plaintiff's state court complaint (the "Complaint") is attached hereto as **Exhibit A**. The King County Superior Court set an Order with the Civil Case Schedule that set the trial date for October 14, 2024. **Exhibit B**.

2. Plaintiff purports to allege three causes of action, on behalf of himself individually and on behalf of a putative class of individuals who applied to work for the Defendant in the State of Washington: (1) a cause of action pursuant to RCW 49.58.110 for allegedly failing to disclose the wage scale or salary range to be offered in Defendant's job postings; (2) a claim for injunctive relief to require the Defendant to disclose in each posting for each job opening the wage scale or salary range to be offered; and (3) a declaration that Defendant's alleged practice of failing to disclose in each posting for each job opening the wage scale or salary range is illegal. *Complaint.*

3. Defendant denies that it owes anything by the Complaint but treats the Complaint's allegations as true for purposes of this Notice of Removal only.

## **REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA**

4. This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. section 1332(d)(2). CAFA grants federal courts original jurisdiction over, and permits removal of, class actions in which: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant, thus establishing "minimal diversity"; (2) the aggregate number of proposed plaintiffs is 100 or more; (3) the primary defendants are not States, State officials, or other governmental entities; and (4) the aggregate amount in controversy of all of the putative class members' claims exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). As set forth below, this putative class action is removable under CAFA.

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

### A. Venue Is Appropriate

5.  Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a). This action originally was brought in the King County Superior Court, which is located within the Western District of Washington. Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### B. The Timeliness Of Removal

6.  Plaintiff filed his Complaint in the King County Superior Court on October 11, 2021. On October 12, 2023, Aaron's was served with the Summons and Complaint filed by Plaintiff, through its registered agent for service of process. *Declaration of David Patrick In Support of Notice of Removal* ("*Patrick Decl.*"), ¶¶4, 5. Aaron's is filing this Notice of Removal within thirty days of service of process and is therefore timely under 28 U.S.C. § 1446.

7.  Pursuant to CAFA, Aaron's does not need to obtain the consent of any other defendant to remove this action. *See* 28 U.S.C. § 1453(b). But here there are no other defendants.

### C. The Parties Are Sufficiently Diverse

8.  CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, such minimal diversity exists among the parties. Plaintiff is a citizen of a state (Washington State) that is different from that of Aaron's (Georgia). *Patrick Decl.*, ¶¶ 6, 7.

9.  **Plaintiff's Citizenship:** For purposes of determining diversity, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile."). Domicile for purposes of diversity is determined as of the

NOTICE OF REMOVAL - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

time the lawsuit is filed. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986).

10. Plaintiff alleges he is a resident of King County in the State of Washington. *Complaint,* ¶ 8. Accordingly he can be presumed, for removal purposes, to be a citizen of Washington.

11. **Aaron's Citizenship:** For purposes of establishing diversity jurisdiction under CAFA, a limited liability company is a citizen of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10). *Patrick Decl.*, ¶¶ 6, 7.

12. Plaintiff names Aaron's as the defendant to this action, and correctly alleges and admits that Aaron's is a "Georgia for profit limited liability company." *Complaint,* ¶ 9.

13. At the time of the filing of this action, and at all relevant times, Aaron's has been a citizen of a state other than Washington within the meaning of 28 U.S.C. section 1332. Aaron's LLC is a wholly owned subsidiary of The Aaron's Company, Inc. ("AAN").  AAN, the sole member of Aaron's, LLC, is a Georgia corporation with its principal place of business in Georgia. Aaron's is not now, and was not at the time of the filing of the Complaint, a citizen of the State of Washington. *Patrick Decl.*, ¶¶6-8.

14. Because Plaintiff is a resident of Washington, and Aaron's is a citizen of Georgia, the minimal diversity requirement under CAFA is satisfied. Indeed, there is complete diversity.

**D.    This Action Involves 100 Or More Putative Class Members**

15. "[U]nder CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 886 (9th Cir. 2013).

16. Plaintiff purports to bring this case as a class action on behalf of "[a]ll individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position" (hereinafter the "Purported Class," and putative

NOTICE OF REMOVAL - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

members, "Applicants"). *Complaint,* ¶ 19.

17. Plaintiff alleges that there are potentially hundreds of individuals who applied for jobs with Aaron's within the time period relevant to this matter. *Complaint,* ¶19.

18. Therefore, based on Plaintiff's allegations alone, the number of putative class members exceeds 100 persons (in the Purported Class), as required by 28 U.S.C. section 1332(d)(5)(B).

19. Notwithstanding Plaintiff's allegations, during the alleged class period (beginning on January 1, 2023), Aaron's received at least 1,000 applications for a job opening in the State of Washington. *Patrick Decl.*, ¶10, and thus the number of putative class members exceeds CAFA's 100-person threshold.

**E.   The Amount In Controversy Meets The CAFA Threshold**

20. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005). As recently noted by the Ninth Circuit Court of Appeals, the Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriot,* 936 F.3d 920, 922 (9th Cir. 2019). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case…Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its

NOTICE OF REMOVAL - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant").

21.  While Aaron's specifically denies liability as to all of Plaintiff's claims, and specifically denies the appropriateness of the case proceeding as a class action, Aaron's has a reasonable, good faith belief that the amount in controversy, as alleged and pled by Plaintiff, exceeds $5,000,000. All calculations in support of the amount in controversy analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission that any of those allegations have merit.

22.  Where, as here, damages are not specified in the state court complaint, the defendant's notice of removal "need not contain evidentiary submissions," but "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee,* 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). Because Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *Arias,* 936 F.3d at 925 ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'"; for example, an assumption "may be reasonable if it is founded on the allegations of the complaint"), *quoting Ibarra v. Manheim Inv.'s, Inc.,* 775 F.3d 1193, 1198 (9th Cir. 2015).

23.  In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Arias,* 936 F.3d at 927 (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F. 3d 785, 794 (9th Cir. 2018); *see also Longmire v. HMS Host USA, Inc.,* 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or

NOTICE OF REMOVAL - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

mandatory).

24. The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

25. The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative leading. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *11 (E.D. Cal. 2011)(holding that, for purposes of removal, a court "must deal with what has actually been pled").

26. The alleged amount in controversy in this action, in the aggregate, exceeds $5,000,000. Plaintiff's Complaint seeks relief on behalf of all individuals who applied to Aaron's in Washington between January 1, 2023 and the present. *Complaint,* ¶19.

27. Aaron's application data for the putative class members ("Applicants"), comprised of all applications submitted since January 1, 2023 to the present, was analyzed with the Plaintiff's claims under R.C.W. § 49.58.070, and used to determine the CAFA amount in controversy for purposes of this Notice of Removal. Based on that analysis, that data can be summarized as follows.

   a) There are a total of at least 1,000 Applicants; *Patrick Decl.* ¶10;

   b) R.C.W. § 49.58.070 provides presumed damages of at least $5,000;

   c) Thus, 1,000 applications with alleged damages of $5,000 each translates to $5,000,000 in presumed damages.

28. **Attorneys' Fees:** The Complaint also alleges that Plaintiff and putative class members are entitled to recover attorneys' fees and costs pursuant to RCW 49.58.070(1). *Complaint*, Request for Relief at 3. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Arias,* 936 F.3d at 927 (9th Cir. 2019) (confirming

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

"attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsch, supra,* 899 F. 3d at 794; *see also Galt G/S, supra,* 142 F.3d at 1156 ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

29. "When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Johnson Tractor Supply Co.,* No. 19-cv-0270, 2019 WL 2004436, at *4 (W.D. Wash. May 7, 2019) quoting *Garcia v. Lifetime Brands, Inc.,* 2016 WL 81473 , at *4 (C.D. Cal. Jan. 7, 2016); *see also Wren v. RGIS Inventory Specialists,* 2011 U.S. Dist. LEXIS 38667 at **78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case).

30. Accordingly, at least another $1,250,000 is placed into controversy in this action by virtue of Plaintiff's demand for attorneys' fees using the standard 25% rate.

31. All in, this means that the amount in controversy in this action is estimated to exceed $6,250,000.00 at the time of this removal alone.

32. Thus, although Aaron's denies Plaintiff's allegations that he or any putative class member is entitled to the relief sought in the Complaint, the total amount in controversy exceeds the $5,000,000 threshold set forth in 28 U.S.C. section 1332(d)(2).

### THE AMOUNT IN CONTROVERSY ALSO EXCEEDS $75,000

33. Defendant also removes this action pursuant to 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. As previously discussed in Section C, the Plaintiff alleges he is a citizen of Washington, and Aaron's is a citizen of Georgia. Therefore, the parties are completely diverse. The amount in controversy on Plaintiff's individual claim exceeds $75,000.00. Aaron's timely filed this Notice and satisfied all other procedural requirements.

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

34. By the following statements contained in this Notice of Removal, Aaron's does not concede that Plaintiff is entitled to any individual damages.

35. As discussed in Section E, Plaintiff has placed at least $5,000.00 in controversy by seeking statutory damages under R.C.W. § 49.58.070. *Complaint,* Request for Relief at 2. Additionally, Plaintiff has placed more than $70,000.00 in attorneys' fees in controversy by seeking attorneys' fees through final judgment under RCW § 49.58.070. *Complaint,* Request for Relief at 3.

36. Plaintiff claims he is entitled to attorneys' fees. *Complaint*. Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018), citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016); *Galt G/S*, *supra,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Fritsch, supra*, 899 F.3d at 794. The removing party may estimate "the amount of time that the case will require" and "plaintiff's counsel's hourly billing rate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* 2019 WL 957578, at *7-8 (N.D. Cal. Feb. 27, 2019).

37. Here, by virtue of his request for attorneys' fees pursuant to RCW § 49.58.070. (*Complaint*, Request for Relief at 3), and based on data from Plaintiff's counsel public filings from similar class action litigation, Plaintiff's counsel is more likely than not to seek greater than $75,000 in attorney's fees. Indeed, in *Adkins*, the court held that "100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action." 293 F. Supp. at 1148.

38. Publicly available documents demonstrate that Plaintiff's lead counsel (i.e. the attorney who signed the complaint) bills his time at a rate of $725 per hour. *See Atkinson v. adidas America Inc.*, Case No. 2:23-cv-01666-BJR, Doc. 5, Ex. E at 6. That document is a sworn declaration from Timothy W. Emery that he filed in support of Plaintiff's motion for attorneys'

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

fees, costs, and service awards in a King County Superior Court matter called *Garcia v. Washington State Department of Licensing*, No. 22-2-05635-SEA. Mr. Emery reported that in connection with his pre-summary judgment settlement in that matter, he himself billed 113.4 hours. Collectively, all attorneys and paralegals on that case billed a total of 668.2 hours, even though again, that case did not even make it to the summary judgment stage. That same declaration indicated that other attorneys in Mr. Emery's office also bill at $725 per hour. Thus, it is reasonable to assume that Plaintiff is seeking at least $72,500 in attorneys' fees.

39. In sum, the amount in controversy on Plaintiff's individual claim exceeds $75,000.00 when his request for statutory damages and attorneys' fees is considered.

**PLEADINGS FILED**

40. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the King County Superior Court, as required under 28 U.S.C. § 1446(d).

41. In compliance with 28 U.S.C. section 1446(a), Defendant has attached a copy of the state court papers served herein.

42. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**PRAYER FOR REMOVAL**

43. Because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).

44. Removal under 28 U.S.C. § 1441 is also proper because this Court would have had original jurisdiction based in diversity over Plaintiff's claims had Plaintiff initially filed in federal court.

NOTICE OF REMOVAL - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1  WHEREFORE, Aaron's prays that the above-titled action be removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED: November 13, 2023                    Respectfully submitted,

                                                      SEYFARTH SHAW LLP

                                                     By:  */s/ Helen M. McFarland*
                                                             Helen M. McFarland, WSBA No. 51012
                                                             999 Third Avenue, Suite 4700
                                                             Seattle, Washington  98104-4041
                                                             (206) 946-4923 | Phone
                                                             (206) 299-9974 | Fax
                                                             hmcfarland@seyfarth.com

                                                             *Counsel for Defendant Aaron's, LLC*

NOTICE OF REMOVAL - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served upon the following via electronic mail and via the ECF case filing of the Court on November 13, 2023:

EMERY REDDY, PLLC
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
600 Stewart Street, Suite 1100
Seattle, WA 98101
(206) 207-9281 | Phone
Email: emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com

*Attorneys for Plaintiff*

    */s/George Barrington*
George Barrington, Legal Assistant
999 Third Avenue, Suite 4700
Seattle, Washington 98104
(206) 946-4910 | Phone
gbarrington@seyfarth.com

NOTICE OF REMOVAL - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910