1

THE HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

JACOB ATKINSON, individually and on
behalf of all others similarly situated,

11

12

Plaintiff,

13

vs.

14

AARON'S, LLC DBA AARON'S SALES
& LEASE OWNERSHIP, LLC, a foreign
for profit limited liability corporation; and
DOES 1-20,

15

16

17

Defendants.

18

19

20

21

22

23

24

25

26

CIVIL ACTION NO. 2:23-cv-01742-BJR

**DEFENDANT AARON'S, LLC'S
REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS**

ORAL ARGUMENT REQUESTED

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.   **INTRODUCTION**

In its Opening Brief, Defendant Aaron's, LLC ("Defendant" or "Aaron's") demonstrated that, under the plain language of the Washington Equal Pay and Opportunities Act (the "EPOA"), Plaintiff's Complaint should be dismissed because the Legislature of this state did not authorize job applicants to bring a civil action under the EPOA. Nothing in Plaintiff's Opposition contradicts that point. Rather, in his response, and without any support from the language of the EPOA or its legislative history, Plaintiff tries to convert the Legislature's decision to give job applicants a **remedy** for violations of the EPOA (which the Legislature did when it included 49.58.110 in the statute) into the creation of a **private cause of action** for job applicants. But the language of the EPOA demonstrates that the Legislature elected **not** to authorize job applicants to bring a private lawsuit to enforce their rights under the statute; instead, the Legislature created a remedy for applicants that can be pursued in an administrative proceeding before the Washington State Department of Labor & Industries ("L&I"). For this reason, and the others summarized below, Plaintiff's Opposition confirms that the Complaint should be dismissed with prejudice.

## II.   **ARGUMENT**

### A.   **Plaintiff Improperly Conflates a Private Cause of Action with a Remedy**

Throughout Plaintiff's brief, he conflates the Legislature's provision of a remedy with the creation of a private cause of action by using dramatic language and by mischaracterizing Aaron's arguments. Plaintiff contends that, because the Legislature allows job applicants to seek **remedies** under the EPOA, those applicants must be permitted to bring a civil action. This argument is not only contradicted by the plain language of the EPOA, which controls, but by Washington law which establishes that the Legislature's mere act of providing an individual with a remedy does not mean, in itself, that the individual may bring a private lawsuit.

Where the Legislature creates a statutory right, it also defines the extent of the remedy and how it can be pursued. *See Gragg v. Orange Cab Co.*, 145 F. Supp. 3d 1046, 1052 (W.D. Wash. Nov. 9, 2015) ("The legislature obviously knew how to create a private right of action under

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  CEMA and chose to limit that action to injunctive relief when the wrongful conduct involved

2  commercial emails and texts."); *Steinbock v. Ferry Cty. Pub. Util. Dist. No. 1*, 269 P.3d 275, 283

3  (Wash. Ct. App. 2011) ("Where the legislature creates remedies not available at common law it

4  not only decides policy, it defines the extent and limits of remedies appropriate to address the

5  legislatively-determined policy."). Further, the Legislature has the absolute right to provide

6  different enforcement mechanisms for different aggrieved individuals. *See P.E.L. v. Premera Blue*

7  *Cross*, No. 101561-5, 2023 Wash. LEXIS 635, at *15 (Dec. 21, 2023) (noting certain laws are

8  subject to different enforcement mechanisms depending on aggrieved individual); *see also Patton*

9  *v. Experian Data Corp.*, No. SACV 17-01559-JVS(DFMx), 2018 U.S. Dist. LEXIS 226572, at

10  *25 (C.D. Cal. Jan. 23, 2018) (finding that although an act provided a private right of action to

11  enforce one of its three sections, the relevant section could only be enforced by the Attorney

12  General); *Clark v. Vilsack*, No. 19-394 (JEB), 2021 U.S. LEXIS 100260, at *11 (D.D.C. May 27,

13  2021) (holding Congress can provide different enforcement mechanisms for different individuals).

14      The parties agree the statute is unambiguous and thus the plain language controls.

15  (*Compare* Dkt. 24 at 6 *with* Dkt. 29 at 5.) That means that legislative history is legally irrelevant.

16  *See Mykland v. CommonSpirit Health*, No. 3:21-cv-05061-RAJ, 2021 U.S. Dist. LEXIS 176734,

17  at *17 (W.D. Wash. Sept. 16, 2021) ("If the plain meaning of a statute is unambiguous, the inquiry

18  ends. Only when the statute is ambiguous do we resort to the aids of statutory construction and

19  legislative history.") (internal citation and quotation marks omitted); *Fowler v. Guerin*, No. C15-

20  5367 BHS, 2021 U.S. Dist. LEXIS 137882, at *7-8 (W.D. Wash. July 23, 2021) (concluding

21  because the statute's plain meaning was unambiguous, the court was not permitted to resort to

22  legislative history, including bill reports, to construe the statute). Yet Plaintiff spends a significant

23

24

25

26

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    portion of his brief discussing irrelevant legislative history.[1]

2        Nothing in the EPOA authorizes an applicant to bring a civil action. The Legislature

3    established the process for pursuing remedies by authorizing employees, but not applicants, to file

4    causes of action in court. Employees were given a private right of action, applicants were not.

5        Plaintiff contends that Aaron's seeks to "dismantle the legislature's efforts by attacking the

6    most effective mechanism for enforcing this law: an applicant's private right of action." (Dkt. 29

7    at 2.) Such a contention is illogical and inaccurate. It is clear from the plain language of the statute

8    that the Legislature did <u>not</u> create a private cause of action for an applicant and, as is clear from

9    case law, the Court cannot expand the statute and create one on its own. *See Alexander v. Sandoval*,

10   532 U.S. 275, 286-87 (2001) (absent Congress's intent to create a private right ***and*** private remedy,

11   "a cause of action does not exist and courts may not create one, no matter how desirable . . . or

12   how compatible with the statute") (emphasis added); *Sanai v. Sanai*, No. CO2-2165Z, 2005 U.S.

13   Dist. LEXIS 44614, at *54 (W.D. Wash. May 18, 2005) ("The Court cannot create a private cause

14   of action where it does not exist in the statute."). The argument set forth by Aaron's does not

15   "dismantle" anything. Rather, it upholds the statute as written and adopted by the Legislature.

16       Further, no part of Aaron's argument suggests that job applicants cannot obtain remedies

17   as provided under the statute. Plaintiff is correct that RCW 49.58.110(4) states that "a job applicant

18   or an employee is entitled to the remedies in RCW 49.58.060 and 49.58.070." (Dkt. 29 at 5

19   (quoting RCW 49.58.110).) RCW 49.58.110(4) does not, however, say employees and job

20   applicants are entitled to remedies under ***both*** RCW 49.58.060 and 49.58.070. Rather, the statute

21   merely states a general proposition which, based on the fundamental canon of "*generalia*

---

[1] While legislative history is irrelevant, the Legislature amended the EPOA in 2022 to clarify that a job applicant or employee, rather than an "individual," is entitled to **remedies.** *See* RCW 49.58.110. But nothing in the legislative history cited by Plaintiff purports to create a private cause of action for mere applicants. If the Legislature wanted to provide a private cause of action for applicants it could have, and knew how to, but it did not add any such provision. *See State v. Roggenkamp*, 106 P.3d 196, 201 (Wash. 2005) ("[W]hen interpreting a statute, 'this court is required to assume the Legislature meant exactly what it said and apply the statute as written.'" (quoting *In re Cathy Pearsall Stipek*, 10 P.3d 1034, 1041 (Wash. 2000))). Thus, reliance on legislative history undercuts Plaintiff's arguments.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 3
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*specialibus non derogant,*" requires examination of its more specific counterparts (RCW 49.58.060 and 49.58.070). *See Ohio Sec. Ins. Co. v. AXIS Ins. Co.*, 413 P.3d 1028, 1030 (Wash. 2018). Specifically, the Legislature has elected to authorize a job applicant to seek the remedies discussed in 49.58.060 (i.e., (1) actual damages, (2) statutory damages, (3) interest, (4) costs, and (5) any other appropriate relief) by filing a complaint with L&I. *See* RCW 49.58.060(2)(a). The Legislature has elected to permit an employee, on the other hand, to either seek those remedies through an L&I complaint or to seek nearly identical remedies (i.e., (1) actual damages, (2) statutory damages, (3) interest, (4) costs, and (5) reasonable attorneys' fees) by bringing a civil action.[2] *See* RCW 49.58.060(2)(a); RCW 49.58.070(1). Job applicants and employees are thus entitled to essentially the same relief, though the Legislature decided to provide different procedural means for them to obtain that relief. Proceeding via an L&I complaint does not provide an applicant with any less relief than an employee receives through a private cause of action. In its Opening Brief, Aaron's even noted "Through [the L&I] administrative process, a job applicant who has been injured by a violation of the statute can obtain the remedies set forth under the EPOA." (Dkt. 24 at 7.) Plaintiff makes no attempt to dispute this fact. Such a failure to rebut this argument indicates Plaintiff's admission that it is correct. *See* LCR 7(b)(2) ("[If] a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").[3] To be clear: Aaron's is not attempting to "dismantle" any right of Washington workers. Rather, it is dutifully applying the plain language of the EPOA to this dispute, which states clearly that applicants can only seek remedies as set forth in RCW 49.58.110 by filing a complaint with L&I.

---

[2] Pursuant to RCW 49.58.070(1), an employee may also be entitled to reinstatement. Such a remedy obviously cannot be awarded to a job applicant with no prior employment relationship; there is no prior job to be reinstated to.

[3] *See also Dacumos v. Toyota Motor Credit Corp.*, No. C17-0964 RSM, 2018 U.S. Dist. LEXIS 75273, at *15 (W.D. Wash. May 3, 2018) (finding plaintiff's failure to respond to a portion of defendants' motions to dismiss as an admission); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff "effectively abandoned" claim where opposition failed to address arguments).

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 4
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Contrary to Plaintiff's unsupported contention, L&I is not attempting to "eliminate" a private right of action for applicants. (Dkt. 29 at 6.) L&I cannot eliminate something that never existed. And the Legislature did not provide a private right of action for applicants. L&I has interpreted the EPOA and acknowledges that "*[e]mployees and job applicants* who believe their rights under the [EPOA] have been violated may file a complaint with L&I." (Dkt. 25-3 at 12 (emphasis added).) On the other hand, "*[a]n employee* can file a complaint with L&I for violations of the [EPOA] or bring a civil action against an employer." (*Id.* at 13 (emphasis added).) L&I's interpretation should be afforded substantial weight by the court. *See State v. Numrich*, 480 P.3d 376, 385 (Wash. 2021) (stating the court "accords substantial weight to an agency's interpretation within its area of expertise and upholds that interpretation if it reflects a plausible construction of the regulation and is not contrary to legislative intent"); *Port of Tacoma v. Sacks*, 495 P.3d 866, 874 (Wash. Ct. App. 2021) (according deference to L&I's interpretation). The legislative intent is to ensure "employees [] be compensated equitably." RCW 49.58.005. L&I's acknowledgment of the different procedural mechanisms for employees and applicants to seek remedies is consistent with the statute's plain language and thus cannot be said to be contrary to any legislative intent.

Plaintiff appears to argue in overly simplistic fashion that because applicants have always enjoyed many of the same protections as employees – in other contexts, and under different statutes –, applicants must therefore be able to bring a private cause of action under the EPOA. This is a strawman argument. Of course there are other circumstances where applicants enjoy the same procedural rights as employees under the language of other statutes. However, the Legislature's language in RCW 49.58.060, 49.58.070, and 49.58.110 is clear and unambiguous: only employees have a private cause of action. And the statutes analyzed in the cases cited by Plaintiff are irrelevant and easily distinguishable as they interpret different statutory language. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982) (interpreting Title VII which states if neither the Equal Employment Opportunity Committee nor the Attorney General file a civil action, "a civil action may be brought . . . by the person claiming to be aggrieved" (quoting 42 U.S.C. § 2000e-5(f)(1)));

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    *Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD, 171*, 404 P.3d 504, 507-08 (Wash. 2017) (interpreting

2    the Washington Law Against Discrimination, an antiretaliation statute which mandates liberal

3    construction and specifically provides a cause of action for "[a]ny person"); *Elgiadi v. Wash. State*

4    *Univ. Spokane*, 519 P.3d 939, 944 (Wash. 2022) (same).[4]

5    **B.    Plaintiff's Additional Arguments Lack Merit**

6         **1.    Plaintiff Failed to Allege That He is a Washington Resident**

7         When adjudicating a motion to dismiss, where an exhibit and the complaint conflict, the

8    exhibit typically controls.[5] *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th

9    Cir. 2014) ("Although we normally treat all of plaintiff's factual allegations in a complaint as true,

10   'we need not . . . accept as true allegations that contradict matters properly subject to judicial notice

11   or by exhibit.'" (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001))).

12   Plaintiff's California residency and citizenship is established by undisputed evidence that Aaron's

13   attached to its Opening Brief, without opposition. (Dkts. 25-4; 25-5; 25-6; 25-7; 26-1.) Such

14   undisputed records reveal Plaintiff's California home, California business, California license, and

15   California presence for service of process. (*Id.*) In fact, Plaintiff's job application for the Sales

16   Associate position at Aaron's lists his California home address under "Personal Information."[6]

17   (Dkt. 26-1 at 2.)  Since the EPOA only protects "workers in Washington," (Dkt. 29 at 8), and it

---

[4] Aaron's argument regarding Plaintiff's lack of a private cause of action is a facial challenge to Plaintiff's jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Even if everything in the Complaint were true, the Court still would not have jurisdiction over this matter. The Court's inquiry is thus limited to the allegations in the complaint and the Court should disregard Plaintiff's declaration. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)."). *See, e.g., Priv. Client Fiduciary Corp. v. Pham Singh Chopra*, No. 22-CV-00436-LK, 2023 U.S. Dist. LEXIS 36968, at *5 n.3 (W.D. Wash. Mar. 6, 2023) (declining to consider plaintiff's declaration where defendant raised facial challenge); *Fish Nw. v. Thom*, No. C21-570-TSZ, 2021 U.S. Dist. LEXIS 196480, at *13 (W.D. Wash. Oct. 12, 2021) (same).

[5] It is also axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. *See Schuyleman v. Barnhart Crane & Rigging Co.*, No. C23-0562JLR, 2023 U.S. Dist. LEXIS 148462, at *10 (W.D. Wash. Aug. 23, 2023).

[6] Plaintiff submitted applications to other Washington-based businesses confirming his California residency and citizenship, including his application to Washington Fine Wine & Spirits, in which he identified himself as a California resident in his application which he attached to his complaint. *See Atkinson v. Washington Fine Wine & Spirits, LLC*, Case No. 2:23-cv-01737-BJR, Dkt. 1-1 at 15.

---

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   contains no text suggesting that its protections extend outside Washington's borders to California

2   residents, Plaintiff lacks standing and is not entitled to any relief under RCW 49.58.110.

3        Unable to dispute these facts,[7] Plaintiff argues that out-of-state workers are nonetheless

4   protected by the EPOA because the statutory text does not expressly exclude them. (Dkt. 29 at 7.)

5   Plaintiff is wrong. As the Ninth Circuit has explained, the first step in this inquiry is "whether the

6   statute gives a clear, affirmative indication that it applies extraterritorially." *Trader Joe's Co. v.*

7   *Hallatt*, 835 F.3d 960, 966 (9th Cir. 2016) (quoting *RJR Nabisco, Inc. v. European Cmty.*, 579

8   U.S. 325, 337 (2016)). No such indication exists in the EPOA. Conversely, the "Intent" provision,

9   which Plaintiff references, explains that the EPOA is meant to protect "workers **in Washington**"

10  and "to reflect the equal status of all workers **in Washington state**." RCW 49.58.005(1), (2)

11  (emphasis added). Thus, since the EPOA does not apply extraterritorially to a California applicant

12  like Plaintiff, he is not covered by the statute, and his RCW 49.58.110 claim should be dismissed.

13       **2.    Vague Allegations are Insufficient to Support Standing or a Claim for Relief**

14       To establish Article III standing, a plaintiff "must have suffered an 'injury in fact' . . .

15  which is (a) concrete and particularized." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)

16  (cleaned up). A plaintiff does not necessarily meet the concrete injury requirement "whenever a

17  statute grants a person a statutory right and purports to authorize that person to sue to vindicate

18  that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016). In other

19  words, for Article III purposes, contrary to Plaintiff's erroneous statement, it is not enough for a

20  plaintiff to allege that a defendant has violated a right created by a statute; the court must still

21  ascertain whether the plaintiff suffered a concrete injury-in-fact due to the violation. *See Dutta v.*

22  *State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (finding a "plausible pleading

23  of a flatout violation of a statutory provision will not necessarily support a civil law suit [sic]").

24

25  ───────────────

    [7] Plaintiff, in a declaration attached to his Opposition, which he signed almost three months ago for an unrelated case
    at a different procedural posture, swears that he resides at 3822 NE 145th Street, Lake Forest Park, Washington. (Dkt.

26  30 at 4.) This single-family home is, however, owned by Michael Casey McGarity and Jennifer Wren Atkinson. *See*
    Declaration of Richard J. Conte ¶¶ 2, 4. It is more likely than not that Plaintiff does not reside at this address. *Id.* ¶ 7.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Plaintiff fails to demonstrate how **he** has standing under the EPOA.[8] Absent from his allegations is any causal connection between his vague "injuries" (indeterminate lost time and theoretical impact on pay negotiations) and the alleged violation (a job posting without its pay range). Rather, Plaintiff argues that the Court should simply "infer" that "short and long-term harm was caused to his pay, promotions, and career as a result of not being privy to the wage" Aaron's might have offered. (Dkt. 29 at 14.) Plaintiff, however, does not allege that he was qualified for the position, that he wanted it, or that he applied in good faith. There can be no inferences of harm or causal connection where they would be completely speculative. *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (standing will not be found "[w]hen 'speculative inferences' are necessary…to establish either injury or the connection between the alleged injury and the act challenged…." (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976))).

### 3.     Aaron's has Not Waived Any Argument Based on its Removal of this Action

Plaintiff argues that by removing this case Aaron's has waived its argument that the Court lacks jurisdiction. (Dkt. 29 at 13.) Courts have, however, noted that it is procedurally appropriate for a defendant to remove an action and then file a motion to dismiss for lack of jurisdiction. *See King v. King*, No. 3:16-CV-630-PK, 2016 U.S. Dist. LEXIS 124770, at *13 (D. Or. Sept. 14, 2016); *Wash. Election Integrity Coal. United v. Anderson*, No. 3:21-cv-05726-LK, 2022 U.S. Dist. LEXIS 179175, at *5-6 (W.D. Wash. Sept. 30, 2022). Plaintiff's contention is simply wrong.

### 4.     Remand Would be Futile

Plaintiff contends that if the Court finds he lacks standing, it should remand the matter. (Dkt. 29 at 12-13.) But a district court should dismiss a case rather than remand where it is "certain

---

[8] Plaintiff's reliance on the Court's FDCPA and Civil Rights Act of 1968 jurisprudence is misplaced. First, the FDCPA is a strict liability statute. Second, the cases cited by Plaintiff are distinguishable and undercut Plaintiff's arguments. In *Beane v. RPW Legal Services*, 378 F. Supp. 3d 948, 957 (W.D. Wash. 2019), the court found the plaintiff's vague allegation that she suffered injuries to her "feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress" to be insufficient to allege any cognizable harm. In *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972), the court noted since the Secretary of HUD has no enforcement powers, unlike the L&I, the main generating force must be private suits. As discussed above, L&I may order an employer to provide remedies.

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS - 8
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    that a remand to state court would be futile." *Anderson*, 2022 U.S. Dist. LEXIS 179175, at *30-

2    31; *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189-90 (9th Cir. 2022); *Glob.*

3    *Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905 (9th Cir. 2022); *Strojnik v.*

4    *Driftwood Hosp. Mgmt., LLC*, No. 21-16060, 2022 U.S. App. LEXIS 14104, at *2 (9th Cir. May

5    24, 2022). Remand would be futile as Plaintiff does not have a private cause of action in any court.

6            **5.      Plaintiff Failed to Allege that He was a Bona Fide Applicant**

7            Plaintiff does not dispute, nor could he, that his complaint contains no allegations that he

8    was a bona fide "applicant" who had a good-faith intent to gain employment with Aaron's. (Dkt.

9    24 at 9-10.) Instead, Plaintiff argues that he need not allege intent "to *accept* a position." (Dkt. 29

10   at 14.) This is a complete non sequitur, and it mischaracterizes Aaron's position.

11           The EPOA requires applicants to have an intent to **gain** employment to qualify for

12   remedies. (Dkt. 24 at 9-10.) This is established by L&I guidance. (Dkt. 25-2 at 2 ("L&I will

13   investigate complaints filed by applicants who have applied to a job in good faith with the ***intent***

14   ***of gaining employment*.**" (emphasis added)).) Plaintiff's failure to address this argument indicates

15   Plaintiff's admission that it is correct. *See* LCR 7(b)(2); *Thomas v. State Farm Mut. Auto. Ins. Co.*,

16   No. C22-1730-JCC, 2023 U.S. Dist. LEXIS 49836, *5 (W.D. Wash. Mar. 23, 2023) (arguments

17   not addressed in opposition to motion to dismiss are waived).

18           Plaintiff concedes that the applicant's intent matters under the EPOA. Indeed, Plaintiff

19   submitted a 28-paragraph declaration, which was explicitly prepared for his *Washington Fine Wine*

20

21

22

23

24

25

26

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

& *Spirits* case,[9] filled with new facts about his alleged "intent."[10] (Dkt. 30.) As exhibited by the declaration, Plaintiff knows that his intent to gain employment in Washington is an essential element that he was required to allege, yet nothing in the complaint contains such an allegation. By failing to allege that he applied in good faith (to Aaron's) with the intent of gaining employment (with Aaron's), Plaintiff has failed to establish that he is a bona fide "applicant" under the EPOA.

**C.    Plaintiff Abandoned His Second and Third Causes of Action**

In its Opening Brief, Aaron's explained that the Court can dismiss Plaintiff's second and third causes of action as injunctive relief is not an independent cause of action and declaratory relief is not provided for under the EPOA. (Dkt. 24 at 13.) Plaintiff's response is relegated to a one sentence footnote in which he does not dispute Aaron's arguments. (Dkt. 39 at 13 n.2.) The Court should thus dismiss these claims. *See Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes . . . are generally deemed waived"); *Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD-GWF, 2015 U.S. Dist. LEXIS 96073, at *13 (D. Nev. July 20, 2015) ("Many courts will disregard arguments raised exclusively in footnotes.").

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted and Plaintiff's Complaint dismissed.

---

[9] It is odd Plaintiff finds it persuasive to attach a declaration that was originally created for a different procedural posture (i.e., motion to remand) in another case. Throughout the declaration, Plaintiff discusses his intent to "seek a position at Total Wine" and that he remains "well-qualified to perform [that] position." (Dkt. 30 ¶¶ 17-18.) Plaintiff's job application and any subsequent dealings with Total Wine are irrelevant to this matter and, if anything, his declaration demonstrates that Plaintiff has zero interest in obtaining employment with Aaron's.

[10] It is black-letter law that a plaintiff cannot stave-off dismissal by submitting new factual allegations with an opposition brief. *See Echlin v. Asset Sys.*, No. C12-5954 BHS, 2013 U.S. Dist. LEXIS 10495, at *12 (W.D. Wash. Jan. 25, 2013) ("The Court will not accept the new allegations in [plaintiff's] opposition brief."). Yet that is exactly what Plaintiff attempts to do with the "Declaration of Jacob Atkinson in Support of ***Plaintiff's Motion to Remand***," which was allegedly e-signed on December 1, 2023, but then selectively edited on January 19, 2024, and initially submitted in another matter. (Dkt. 28 (emphasis added).) Plaintiff's submission of this improper declaration is a clear attempt to cure his deficient pleadings on residency and intent, and the Court must reject it accordingly. It is also worth noting that Plaintiff's declaration is filled with inconsistent statements. For example, Plaintiff alleges that he "decided to move to Washington" in February 2023 (Dkt 30 ¶¶ 3, 8), yet it is undisputed that, on March 9, 2023, he submitted an application to Aaron's listing his California address (Dkt. 26-1 at 2).

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 26th day of February, 2024.

ALSTON & BIRD LLP


s/ Chris Marquardt
Chris Marquardt (Admitted *Pro Hac Vice*)
Leigh Shapiro (Admitted *Pro Hac Vice*)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
T: (404) 881-7000
F: (404) 881-7777
chris.marquardt@alston.com
leigh.shapiro@alston.com


DORSEY & WHITNEY LLP


s/ Todd S. Fairchild
Todd S. Fairchild WSBA #17654
Dorsey & Whitney LLP
701 5th Ave, Suite 6100
Seattle, WA 98104-7043
T: (206) 903-8800
F: (206) 903-8820
fairchild.todd@dorsey.com

*Attorneys for Defendant Aaron's, LLC dba
Aaron's Sales & Lease Ownership, LLC*

DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
        reddyp@emeryreddy.com
        paul@emeryreddy.com

☐ Via Messenger
☐ Via Facsimile
☐ Via U.S. Mail
☐ Via Electronic Mail
☒ Via ECF Notification

*Attorneys for Plaintiff Jacob Atkinson*

Dated this 26th day of February, 2024.

*s/ Troy Wambold*
Troy Wambold, Legal Assistant

CERTIFICATE OF SERVICE
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820