The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, LLC DBA AARON'S SALES & LEASE OWNERSHIP, LLC, a foreign for profit limited liability corporation; and DOES 1-20,<br><br>Defendants. | No. 2:23-cv-01742-BJR<br><br>**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION** |

Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7(h), Plaintiff Jacob Atkinson ("Plaintiff") respectfully asks this Court to partially reconsider its Order Granting Defendant Aaron's, LLC DBA Aaron's Sales & Lease Ownership, LLC's ("Defendant") Motion to Dismiss. ECF No. 24. Partial reconsideration is appropriate because the Court committed manifest error by dismissing this case for lack of Article III standing instead of remanding the case to state court.

**I.      STANDARD OF REVIEW**

A motion for reconsideration is appropriate where a prior ruling contained manifest error of law. *See* W.D. Wash. Local Rules LCR 7(h)(1); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A "manifest error" is one that disregards controlling law. *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231-32 (D. Ariz. 2021).

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION- 1

No. 2:23-cv-01742-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

A party may raise new authority in a motion for reconsideration to allow the court to correct errors of law. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law,"); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (describing a motion for reconsideration as "a clear opportunity [for the district court] to review the validity of its order."). Here, Plaintiff respectfully submits that the Court committed manifest error by failing to comply with the removal statute's mandate to remand a case when subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). Because remand would not be futile, as Article III does not apply in state court, the Court's only option was to remand this case, and it must do so now.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed this proposed class action in King County Superior Court, alleging violations of the Washington Equal Pay and Opportunities Act, RCW 49.58.110. Defendant filed a notice of removal in the case on November 13, 2023, declaring that subject matter jurisdiction exists. ECF No. 1 at 10. Despite having just asserted a basis for federal subject matter jurisdiction, Defendant then moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending Plaintiff lacked Article III standing. ECF No. 24. The Court granted Defendant's motion to dismiss without prejudice and allowed Plaintiff to amend his complaint by May 15, 2024. ECF No. 37.

## III.    ANALYSIS

Plaintiff respectfully submits that controlling law requires the Court to reconsider the portion of its order dismissing this case, and instead remand this case to state court. Plaintiff also respectfully asks the Court to stay the deadline to amend his complaint set forth in its prior Order while the Court considers this motion.

**A. The Court must remand a case if subject matter jurisdiction is lacking.**

Federal district courts are courts of limited jurisdiction and "there is a general presumption against federal court review." *Lanza v. Aschcroft*, 389 F.3d 917, 930 (9th Cir. 2004). The party asserting jurisdiction bears the burden of rebutting that presumption. *Kokkonen v. Guardian Life*

PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION- 2

No. 2:23-cv-01742-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

*Ins. Co. of America*, 511 U.S. 375, 377 (1994). For that reason, a defendant who removes a case from state to federal court bears the burden of establishing federal subject matter jurisdiction. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (describing this burden as "particularly stringent") (internal citations omitted). The removing defendant's burden includes "establishing the existence of a case or controversy under Article III, including 'the core component of standing.'" *Env't Rsch. Ctr. v. Heartland Prods.*, 29 F. Supp. 3d 1281, 1283 (C.D. Cal. 2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Thus, the removing defendant cannot "have it both ways by asserting, then immediately disavowing, federal jurisdiction[.]" *Ayala v. Sixt Rent a Car, LLC*, No. 19-1514 FMO (MRWx), 2019 WL 2914063, at *2 (C.D. Cal. July 8, 2019) (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp.3d 910, 914 (N.D. Ill. 2016)). But that is precisely what Defendant did here. *Compare* ECF No. 1, *with* ECF No. 24.

Although Federal Rule 12(h) ordinarily requires district courts to dismiss cases for lack of subject matter jurisdiction, where a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). Under § 1447(c), remand is "mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). When a plaintiff lacks Article III standing, "the district court generally *must* remand the case to state court, rather than dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns*, 122 F.3d at 1257). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Id*. (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)). Because "the ultimate responsibility to ensure jurisdiction lies with the district court," no motion to remand is necessary. *Id*.

Here, once the Court concluded that Plaintiff lacked Article III standing, its only option was to remand the case to state court. *See Polo*, 833 F.3d at 1196, 1199 (reversing district court's

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION- 3

No. 2:23-cv-01742-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

order dismissing case for lack of subject matter jurisdiction because plaintiff lacked Article III standing with instructions to remand to state court); *Terrell v. Costco Wholesale Corp.*, C16-1415JLR, 2017 WL 2169805, at *2 (W.D. Wash. May 16, 2017) (remanding case to state court because defendant argued the plaintiff lacked standing); *Walker v. Kroger Co.*, Case No. 22-cv-00261-JST, 2022 WL 20208929, at *1-3 (N.D. Cal. June 21, 2022) (same); *Ayala,* 2019 WL 2914063, at *2 (same); *Morgan v. Bank of America, N.A.*, No. 2:20-CV-000157-SAB, 2020 WL 3979660, at *2-3 (E.D. Wash. July 14, 2020) (same); *see also Moliga v. Qdoba Rest. Corp.*, No. 2:23-CV-01084-LK, 2023 WL 5013439, at *5 (W.D. Wash. Aug. 7, 2023) (in action under RCW 49.58.110, ordering parties to show cause why case should not be remanded for lack of federal subject matter jurisdiction).[1] The Court's decision to dismiss, rather than remand the case as required by controlling law, was manifest error. Plaintiff respectfully moves for partial reconsideration on this basis and asks the Court to remand this case. *See 389 Orange Street Partners*, 179 F.3d at 665.

**B. Remand would not be futile.**

Courts have articulated one narrow exception to the clear rule that a removed case "shall be remanded" rather than dismissed if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). This "futility" exception applies only where the district court has "absolute certainty" that a state court would "simply dismiss[] the action" for the same reason the district court applied and remand would be futile. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). Remand would not be futile here. First, the futility exception, which contradicts the removal statute, "has been questioned, and may no longer be good law." *Polo*, 833 F.3d at 1197. Second, even if the futility exception were still good law, it does not apply here because the Washington Constitution does not limit state superior courts' jurisdiction as Article III of the U.S. Constitution does. *See*

---

[1] Appellate courts throughout the country are in accord. *See, e.g., Plazzi v. FedEx Ground Package Sys.*, 52 F.4th 1, 7 (1st Cir. 2022); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004); *Roach v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996); *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 497 (6th Cir. 1999); *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014); *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000); *Ladies Mem'l Ass'n v. City of Pensacola*, 34 F.4th 988, 993-94 (11th Cir. 2022).

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION- 4

No. 2:23-cv-01742-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

*Matter of Estate of Reugh*, 10 Wn. App. 2d 20, 55, 447 P.3d 544 (2019) (distinguishing *Spokeo, Inc.*, 578 U.S. at 337-38 and stating, "Washington courts do not face such constitutional limitations.").

The U.S. Supreme Court has recognized the irreconcilable conflict between the judge-made futility exception and the plain, mandatory language of the removal statute, which "give[s the court] no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991) (internal quotation marks and citation omitted). The Ninth Circuit has repeatedly recognized the futility exception's doctrinal peril following *International Primate*, but has not yet had occasion to expressly overrule *Bell*. *See, e.g., Bruns*, 122 F.3d at 1257-58 (concluding district court erred in dismissing rather than remanding case for want of subject matter jurisdiction and citing with approval Fourth and Seventh Circuit cases rejecting the futility exception); *Polo*, 833 F.3d at 1197-98 (casting doubt on the futility exception but declining to overrule *Bell sua sponte* where no party had argued the issue); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022) (same). Although courts within the Ninth Circuit have sporadically applied the futility exception, some have substantially narrowed its application and cast doubt on its validity. *See, e.g., Polo*, 833 F.3d at 1198 ("[O]nly when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it,"); *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1190 n.16 (recognizing that Ninth Circuit "case law on the futility exception is conflicting," and collecting cases). In light of the Ninth Circuit's strong signals that *Bell*'s futility exception is likely no longer good law, this Court need not consider it here. *Bruns*, 122 F.3d at 1257-58.

Even if the futility exception remains good law, it does not apply here. It is not so clear as to be foreordained that a Washington court would also dismiss Plaintiff's claims for failure to articulate a concrete injury-in-fact as required by Article III. *See id*. at 1198. To the contrary, Washington state court jurisdiction is not limited to Article III cases and controversies. Whereas Article III restricts federal district courts' jurisdiction, Washington's Constitution vests superior courts with expansive "original jurisdiction in all cases and of all proceedings in which

PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION- 5

No. 2:23-cv-01742-BJR

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

jurisdiction shall not have been by law vested exclusively in some other court." Wash. Const. article IV, § 6. Because Washington superior courts' jurisdiction is broad, "in Washington, a plaintiff's lack of standing is not a matter of subject matter jurisdiction." *Matter of Estate of Reugh*, 10 Wn. App. 2d at 56.

Recognizing this crucial difference between state and federal law, this Court expressly rejected a futility argument in similar circumstances. *See Terrell*, 2017 WL 2169805, at *2. There, the removing defendant argued that the plaintiff lacked Article III standing for failure to articulate a concrete injury-in-fact and remand was futile. *Id*. But the Court concluded that, "[t]he Washington appellate courts have not yet determined whether *Spokeo*'s clarifications to the injury-in-fact prong extend to Washington law on standing, and it is therefore unclear whether remand would be futile." *Id*. (internal citation omitted). The *Terrell* Court remanded the case. *Id*. Since that decision, the only Washington appellate court to discuss *Spokeo*'s injury-in-fact standard in a case where the plaintiff asserted state law claims is the *Estate of Reugh* Court, which rejected it. *See* 10 Wn. App. 2d at 55.

"Questions of standing under Washington law begin with the statutes themselves." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 826, 380 P.3d 82 (2016) (looking to statutory language to determine whether a party had standing). Here, Plaintiff alleges that Defendant violated a right guaranteed by a Washington State statute. If Defendant challenges Plaintiff's standing upon remand, the state court will look to the language of that statute, rather than to interpretations of Article III. *See Matter of Estate of Reugh*, 10 Wn. App. 2d at 55. RCW 49.58.110 is a relatively new statute, and Washington courts have not yet determined its requirements for standing. Therefore, it is not "absolutely clear" that a Washington court would impose on Plaintiff the same concrete injury-in-fact standard required in federal court, and remand is thus not futile. *See Terrell*, 2017 WL 2169805, at *2. Accordingly, this Court must remand this case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

PLAINTIFF'S MOTION FOR PARTIAL
RECONSIDERATION- 6

No. 2:23-cv-01742-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

## IV. CONCLUSION

For the foregoing reasons, it was manifest error for the Court to dismiss this case instead of remanding it to state court once it determined that it lacked subject matter jurisdiction. On this basis, Plaintiff respectfully moves the Court to withdraw the portion of its Order dismissing the case and instead issue a remand order as required by law. Plaintiff also respectfully asks the Court to stay the deadline to amend his complaint set forth in its prior Order while the Court considers this motion for reconsideration.

## V. CERTIFICATION OF CONFERRAL

Counsel for the parties met and conferred regarding the filing of this motion on May 1, 2024 at 2:30 pm via video conference.

RESPECTFULLY SUBMITTED this 7th day of May 2024.

**EMERY | REDDY, PLLC**

By: */s/ Timothy W. Emery*
By: */s/ Patrick B. Reddy*
By: */s/ Paul Cipriani*
  Timothy W. Emery, WSBA No. 34078
  Patrick B. Reddy, WSBA No. 34092
  Paul Cipriani, WSBA No. 59991
  EMERY REDDY, PLLC
  600 Stewart Street, Suite 1100
  Seattle, WA 98101
  Telephone: (206) 442-9106
  Fax: (206) 441-9711
  Email: emeryt@emeryreddy.com
  Email: reddyp@emeryreddy.com
  Email: paul@emeryreddy.com
  *Attorneys for Plaintiff*

I certify that this memorandum does not exceed ten (10) pages, in compliance with this Court's Standing Order.

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION- 7

No. 2:23-cv-01742-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

# CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filling to the following CM/ECF participants:

Todd S. Fairchild, WSBA No. 17654
Dorsey & Whitney, LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Email: fairchild.todd@dorsey.com

Chris Marquardt
Leigh Shapiro
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
Email: chris.marquardt@alston.com
Email: leigh.shapiro@alston.com

*Attorneys for Defendants*

        *s/ Jennifer Chong*
Jennifer Chong, Legal Assistant

PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION- 8

No. 2:23-cv-01742-BJR

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711