HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB ATKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S, LLC DBA AARON'S SALES & LEASE OWNERSHIP, LLC, a foreign for profit limited liability corporation; and DOES 1-20,<br><br>Defendants. | CIVIL ACTION NO. 2:23-cv-01742-BJR<br><br>**DEFENDANT AARON'S, LLC'S MOTION FOR PARTIAL RECONSIDERATION, OR, IN THE ALTERNATIVE, TO CERTIFY INTERLOCUTORY APPEAL AND STAY PROCEEDINGS**<br><br>ORAL ARGUMENT REQUESTED |

MOTION FOR RECONSIDERATION, OR, IN THE ALTNERATIVE TO CERTIFY INTERLOCUTORY APPEAL
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## INTRODUCTION

Aaron's respectfully files this Motion for Partial Reconsideration to request that the Court address an apparent inconsistency within the Court's recent orders on Aaron's Motion to Dismiss.[1] Aaron's acknowledges that the Court has remanded this matter, which becomes effective 14 days after the date the order was filed under the Local Rules, but respectfully asks that the Court consider the arguments below before remand takes effect.

In both the Order and Amended Order, the Court concluded that Plaintiff lacks Article III constitutional standing to proceed with claims against Defendant Aaron's, LLC ("Defendant" or "Aaron's"). Based on the Court's finding that constitutional standing does not exist, the Court noted that it would **not** address certain additional arguments raised by Aaron's in its Motion to Dismiss. (Dkt. 41 at 17). However, the Court **did** address certain other arguments raised by Aaron's in its Motion to Dismiss even though those findings were not directly related to the Court's holding on constitutional standing.

To address this inconsistency, strike unnecessary dicta from the Amended Order, and avoid confusion as this case moves forward—particularly in light of the fact that the Court has amended its Order to remand this case, giving the Court less ability to clarify or modify its orders in the future—Aaron's respectfully submits that, in line with the Court's reasoning as set forth in Section IV.C. of the Amended Order, the Court should amend the Amended Order again to delete all other analytical sections of the Amended Order that are not necessary to the Court's threshold determination that constitutional standing does not exist. Specifically, the Court should partially reconsider its Amended Order to remove its Sections IV.A and IV.B.

In the alternative, should the Court decide to leave this reasoning in its Amended Order, out of considerations of fairness and advancing both this case and the dozens of other cases filed

---

[1] On April 30, 2024, the Court entered its Order Granting Motion to Dismiss, dismissing Plaintiff's Complaint for lack of constitutional standing, and giving Plaintiff leave to amend (Dkt. 37) (the "Order"). On May 10, 2024, the Court entered its Amended Order Granting Defendant's Motion to Dismiss (Dkt. 41) (the "Amended Order").

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 1
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

by this Plaintiff or Plaintiff's Counsel, Aaron's requests that the Court certify the Amended Order for interlocutory appeal under 28 U.S.C. §1292(b), and that the Court stay further proceedings during the pendency of the interlocutory appeal.

## I. Motion for Partial Reconsideration

### A. Procedural Background

On January 22, 2024, Aaron's filed its Motion to Dismiss. (Dkt. 24.) On February 12, 2024, Plaintiff filed his Response in Opposition. (Dkt. 29.) On February 26, 2024, Aaron's filed its Reply in further Support of Its Motion to Dismiss. (Dkt. 32.) On April 30, 2024, the Court entered its Order Granting Motion to Dismiss, dismissing Plaintiff's Complaint for lack of constitutional standing, and giving Plaintiff leave to amend. (Dkt. 37.) On May 3, 2024, Plaintiff filed a Motion for Partial Reconsideration, although Plaintiff mistakenly filed a document related to another case. (Dkt. 38.) On May 7, 2024, Plaintiff filed a corrected Motion for Partial Reconsideration of the Court's Order, in which Plaintiff asked the Court to remand the matter to state court. (Dkt. 39.)

On May 8, 2024, the Court entered a minute order granting Plaintiff's motion for partial reconsideration. (Dkt. 40).[2] On May 10, 2024, the Court entered the Amended Order. (Dkt. 41.) Under LCR 3(i), remand is set to occur on May 23, 2024.

### B. Background on the Amended Order

Plaintiff, who recently testified under oath in a California lawsuit that he is a citizen and resident of California (contradicting a sworn declaration filed in this case)[3], brought his class action

---

[2] The Court entered this minute order before Aaron's had an opportunity to submit a response. *Cf.* LCR 7(h)(3).

[3] Plaintiff alleges in his Complaint that he is a resident of King County, Washington. (Dkt. 1-1 ¶ 9.) On December 1, 2023, Plaintiff signed a sworn Declaration (*see* Dkt. 28, Ex. 1) (the "Atkinson Declaration") in another one of his EPOA lawsuits assigned to this Court, in which Plaintiff testified that "I have been a resident of Washington, residing at 3822 NE 145th Street, Lake Forest Park, Washington since February 2023." (Dkt. 28, Ex. 1 at ¶ 3). On February 9, 2024, Plaintiff's counsel signed and filed with this Court the Declaration of Timothy W. Emery In Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Dkt. 28) in which counsel authenticated the Atkinson Declaration and swore that it was true and correct. However, the undersigned have subsequently learned that on February 2, 2024 – just a week prior to his counsel filing these declarations in this case – Plaintiff gave sworn deposition testimony in another matter in which he testified that he lives and works in Santa Barbara County, California, and that – other than a one-year period back in 2003 or 2004 – he has never lived outside of Santa Barbara County, California. *See* Declaration of Todd S. Fairchild ¶ 3, Ex. A at 24 (attaching Transcript of Videotaped

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 2
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Complaint against Aaron's pursuant to the EPOA, claiming that on or about March 9, 2023, he applied for a job opening in Washington with Aaron's. (Dkt. 1-1 ¶ 15.) He alleges that the posting did not disclose the wage scale or salary range for the position. (*Id.*) Plaintiff also alleges that "more than 40 [c]lass members applied to job openings with Defendant" for positions in Washington state based on job postings that were allegedly deficient. (*Id.* ¶ 14.) The sole alleged injuries are bare conclusions that Plaintiff and the class members (1) lost valuable time applying for the jobs and (2) were harmed by their inability to evaluate, negotiate, or compare the pay to other positions. (*Id.* ¶¶ 16-17.)

Aaron's moved to dismiss Plaintiff's Complaint on the following grounds: (1) a mere job applicant does not have a private cause of action to sue a company for its alleged failure to comply with the pay disclosure requirements of the EPOA, (2) Plaintiff fails to allege he was a Washington resident when he submitted his application to Aaron's, (3) Plaintiff fails to allege that he applied to the job in good faith and with the intent to gain employment, (4) Plaintiff fails to allege facts to show a particularized injury caused by the defendant, and (5) Plaintiff fails to plausibly allege a cause of action under the EPOA because he fails to allege plausible harm that he incurred caused by the allegedly inadequate job posting. (Dkt. 24.) In the Amended Order, the Court first denied in part the Motion to Dismiss; specifically, the Court found that (1) the EPOA authorizes a job applicant to bring a private cause of action, and (2) protects out-of-state applicants, thereby denying two separate bases for dismissal urged by Defendant. The Court, however, granted the Motion to Dismiss in part, agreeing that Plaintiff was required, and failed, to allege that he was a bona fide applicant who applied for the job with a good-faith intent to seek employment with Defendant, and thus that he lacks constitutional standing to proceed with the Complaint as pled by Plaintiff. (Dkt. 41 at 8-20.) The Court then found that it would not address additional arguments raised by Defendant based on its finding that standing does not exist. (*Id*. at 21).

---

Deposition of Jacob Atkinson).

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 3
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### C. Argument for Partial Reconsideration

Because the Court has found that constitutional standing is lacking, and that remand should occur, and that certain other dismissal arguments need not be addressed, Aaron's respectfully submits that the Court should amend the Amended Order to remove its analysis of other arguments that are unrelated to the constitutional standing argument. While Aaron's acknowledges that it is not necessarily improper to address statutory standing issues before addressing constitutional standing issues, *see ORNC Action v. BLM*, 150 F.3d 1132, 1140 (9th Cir. 1998); *Baylock v. First American Title Ins. Co.*, No. C06-1667RAJ, 2008 U.S. Dist. LEXIS 123463, at *19-21 (W.D. Wash. Nov. 7, 2008), Aaron's notes that where a court finds that there is no constitutional standing, it is appropriate to address that issue before turning to statutory standing and to decline to address issues of statutory standing. *See AlohaCare v. Hawaii, Dep't of Human Servs.*, 567 F. Supp. 2d 1238, 1246 (D. Haw. 2008) ("A court reaches the issue of statutory standing only after concluding that there is constitutional standing."). As it currently exists, the Amended Order contains an extended analysis of statutory standing questions that are rendered mere dicta, and are unnecessary to the Court's ultimate finding that no constitutional standing exists. In light of that finding of no constitutional standing (Dkt. 41 at 1 n.1, 20), Defendant respectfully requests that the Court amend its Amended Order again to remove Sections IV.A and IV.B.

### II. Motion to Certify Interlocutory Appeal

With its Amended Order, the Court interpreted the Washington Equal Pay and Opportunities Act ("EPOA") and found that it provides a private cause of action to mere applicants, as opposed to actual employees. Aaron's believes that this Court's interpretation of the EPOA to find that a private cause of action exists for mere applicants was a decision of first impression.[4] In reaching this determination, the Court denied in part the Motion to Dismiss filed by Defendant on

---

[4] Five days prior to entering the initial Order, the Court entered a substantially similar ruling in the separate case of *Floyd v. Insight Global*, Case No. 2:23-cv-01680-BJR. *See* Order Granting Motion to Dismiss (Dkt. 34). The Court later amended the *Floyd* Order to effectuate a remand of that case as well (Dkt. 37).

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 4
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

January 22, 2024. (Dkt. 24). To the extent that the Court declines to amend the Amended Order to remove its discussion of a private right of action, Aaron's seeks authorization from this Court to appeal that issue on an interlocutory basis.

Aaron's recognizes that a party does not have an absolute right to pursue an interlocutory appeal of a non-final order, and that an appeal such as the one requested here is not appropriate for all cases. But here the Court has acknowledged that this is a unique case, observing that, "***This case is one of 27 lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the defendants***." (Dkt. 41 at 2 (emphasis added).) As such, this is an unusual case, with unusual considerations of judicial efficiency akin to what is typically faced in a multi-district or consolidated litigation.

A decision to permit an interlocutory appeal of the Court's private cause of action holding is warranted here because: (i) whether job applicants have a private cause of action to sue a company for its alleged failure to comply with the requirements of the EPOA is a controlling question of law; (ii) there is a substantial ground for difference of opinion with respect to this issue; and (iii) an immediate appeal may materially advance the ultimate termination of this litigation (whether here or in another court). 28 U.S.C. § 1292(b). Moreover, the Court, the Parties, and other litigants, including the litigants in Plaintiff's counsel's dozens of other cases, would all benefit from guidance from the Ninth Circuit on these issues. A final determination from the Ninth Circuit on these issues has the potential to hasten resolution of this litigation, which may otherwise last for years through class discovery, contested briefing on class certification issues, a determination on class certification, subsequent merits discovery, summary judgment briefing, pretrial motions, trial, and an eventual post-trial appeal. For all of these reasons, and as set forth more fully below, Aaron's request for interlocutory certification should be granted. Finally, if the Court is inclined to grant Aaron's request for interlocutory certification, Aaron's respectfully asks that this Court stay all proceedings pending resolution of the appeal.

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 5
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**A. Legal Standard**

Section 1292(b) exists to "expedite[] litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). The statute gives the District Court discretion to authorize interlocutory appeal of a non-final order where the appeal: "(1) involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Bennett v. United States*, No. C20-5382 BHS, 2021 U.S. Dist. LEXIS 165202, at *2-3 (W.D. Wash. Aug. 31, 2021) (cleaned up). Pursuant to its inherent authority and Section 1292(b), this Court also has discretion to stay proceedings pending appeal. *See Padilla v. United States Immigr. & Customs Enf't*, No. C18-928 MJP, 2024 U.S. Dist. LEXIS 42562, at *7-8 (W.D. Wash. Mar. 11, 2024); *Casas v. Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKx), 2015 U.S. Dist. LEXIS 190394, at *11 (C.D. Cal. Apr. 9, 2015).

The Amended Order effectively granted in part and denied in part Aaron's Motion to Dismiss. Under established Ninth Circuit law, a District Court is authorized to certify for immediate interlocutory appeal an order granting in part and denying in part a motion to dismiss. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 683 (9th Cir. 2011) (court had jurisdiction following Western District of Washington's order granting in part and denying in part motion to dismiss and certifying such order for appeal); *Integra Med Analytics LLC v. Providence Health & Servs.*, 854 F. App'x 840, 841 (9th Cir. 2021) (court had jurisdiction under 28 U.S.C. § 1292(b) to consider an order granting in part and denying in part defendants' motions to dismiss).

**B. Aaron's Has Satisfied All Three Factors Under Section 1292(b)**

**i. The Amended Order Involves a Controlling Question of Law**

For an order to be certified for interlocutory appeal, it must involve a question of law that is controlling, that is, one that materially affects the outcome of this litigation. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 192) ("[A]ll that must be shown in order for a

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 6
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."), *aff'd*, 459 U.S. 1190 (1983).

This requirement is easily satisfied. Aaron's seeks review of a non-final order grounded on a pure question of law. *See Bluetooth Sig., Inc. v. FCA US LLC*, No. 2:18-cv-01493-RAJ, 2021 U.S. Dist. LEXIS 91775, at *4 (W.D. Wash. May 13, 2021) ("A 'question of law' means a pure question of law, not a mixed question of law and fact or an application of law to a particular set of facts."); *see, e.g., Brown v. Papa Murphy's Holdings*, No. 3:19-cv-05514-BHS-JRC, 2021 U.S. Dist. LEXIS 149233, at *5-6 (W.D. Wash. June 9, 2021) (granting interlocutory certification where question related to the existence of a private right of action), *R. & R. adopted*, 2021 U.S. Dist. LEXIS 148111 (W.D. Wash. Aug. 6, 2021), *permissive appeal granted*, No. 21-80092, 2021 U.S. App. LEXIS 30442 (9th Cir. Oct. 12, 2021); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. C 08-4119 SI, 2009 U.S. Dist. LEXIS 39410, at *2-3 (N.D. Cal. Apr. 27, 2009) (finding that whether there is a private right of action under Section 13(a) of the Investment Company Act of 1940 is a controlling question of law), *permissive appeal granted*, 615 F.3d 1106, at 1115 (9th Cir. 2010) (accepting interlocutory appeal). The question presented here—whether job applicants have a private cause of action to sue under the EPOA—will not require "having to delve beyond the surface of the record in order to determine the facts." *See Bluetooth Sig.*, 2021 U.S. Dist. LEXIS 91775, at *4 (citing *McFarlin v. Conseco Sers., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)). Rather, the issue will be decided based on the Complaint and the statutory language of the EPOA.

The question of law raised here is controlling and dispositive. Under § 1292(b), a question is "controlling" when it could "materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. A reversal of the Court's private cause of action ruling would materially affect the outcome of litigation in this Court as it should end the litigation in its entirety. In other words, if the Court of Appeals were to conclude that job applicants do not have a private cause of action, the litigation would be over as Plaintiff will be unable to sustain this case. *See*

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 7
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Brown*, 2021 U.S. Dist. LEXIS 149233, at *5-6. The Court should thus certify that the Amended Order involves a controlling question of law.

### ii. There is Substantial Ground for Difference of Opinion

The "substantial grounds" prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or ***if novel and difficult questions of first impression are presented***." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added). "The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Reese*, 643 F.3d at 688). And the district court need not "await [ ] development of contradictory precedent" before concluding that the question presents a "substantial ground for difference of opinion." *Reese*, 643 F.3d at 688.

This requirement is satisfied, too. The legal issue addressed in the Amended Order is a matter of first impression which requires consideration of a new state statute with no recorded case law interpreting it. Under the plain language of RCW 49.58.070, "an ***employee*** may bring a civil action against an employer for violation of RCW 49.58.020 and 49.58.030 through 49.58.050." RCW 49.58.070 (emphasis added). No provision of the statute authorizes a job applicant to bring a civil action. This Court, however, found that plaintiff alleged a cause of action for both applicants and employees. Aaron's acknowledges this finding, but notes that Washington courts are reluctant to imply a private cause of action absent evidence of clear statutory intent. *See, e.g., Roe v. Teletech Customer Care Mgmt. (Colo.), LLC*, 152 Wn. App. 388, 396, 216 P.3d 1055 (2009) ("by enacting [the Medical Use of Marijuana Act] voters did not intend, explicitly or implicitly, to create a civil cause of action"), *aff'd*, 171 Wn.2d 736, 257 P.3d 546 (2011); *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 721, 197 P.3d 686 (2008) (holding that the revised Educational Employment Relations Act could not "serve as the basis for a new private statutory cause of action").

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 8
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Under Washington law, to find an implied cause of action, a court must consider (1) whether the plaintiff is within the class for whose benefit the legislature enacted the statute, (2) whether legislative intent implicitly or explicitly supports providing a cause of action, and (3) whether recognizing a cause of action is consistent with the legislation's underlying purpose. *Turner v. Dep't of Soc. & Health Servs.*, 198 Wn.2d 273, 298, 493 P.3d 117 (2021). Aaron's does not dispute that the first and third parts of the test support implying a cause of action, however, part two clearly does not support implying a cause of action.

When applying the second part of the test—whether legislative intent supports providing a cause of action—the court "'assume[s] that the legislature is aware of the doctrine of implied statutory causes of action.'" *Swank v. Valley Christian Sch.*, 188 Wn.2d 663, 677, 398 P.3d 1108 (2017) (internal quotation marks omitted) (quoting *Bennett*, 113 Wn.2d 912, 919-20, 784 P.2d 1258 (1990)). In prior cases, legislative intent has generally supported creating an implied cause of action where the legislature displayed concern about a distinct harm but provided no mechanism for enforcing the law addressing the issue. *See id.*; *Bennett*, 113 Wn.2d at 921; *see also*, *c.f.*, *Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 339, 347, 449 P.3d 1040 (2019) (declining to find an implied cause of action because the relevant insurance code contained several specific enforcement mechanisms). In other words, the Washington Supreme Court has tended to find an implied cause of action only where the legislature created a right without creating any remedy. *Bennett*, 113 Wn.2d at 921; *Swank*, 188 Wn.2d at 677; *Kim v. Lakeside Adult Fam. Home*, 185 Wn.2d 532, 546, 374 P.3d 121 (2016). But courts have not found an implied cause of action where the legislature expressly provides enforcement mechanisms apart from an individual's right to file a private lawsuit. *See Keodalah*, 194 Wn.2d at 347; *Cazzanigi v. Gen. Elec. Credit Corp.*, 132 Wn.2d 433, 445, 450, 938 P.2d 819 (1997); *Carter v. Dep't of Soc. & Health Servs.*, 26 Wn. App. 2d 299, 311-16, 526 P.3d 874 (2023). Washington courts have recognized that the presence of specific provisions for enforcement suggests that the legislature's omission of a provision creating a private cause of action was intentional. *See Davenport*, 147 Wn. App. at 718-19 (noting the ease with

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 9
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

which the drafters could have expressed a private statutory cause of action, "we think that the omission implies the absence … of intent to create a private statutory cause of action"); *see also Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 680, 389 P.3d 476 (2017) (where a statute specifically designates the things on which it operates, there is an inference that the legislature intended all omissions); *Cazzanigi*, 132 Wn.2d at 445 ("No cause of action should be implied when the Legislature has provided an adequate remedy in the statute."). The Court, therefore, should not have found an implied right of action in this case.

Moreover, the Court's ruling that a private right of action exists improperly contradicts the Washington State Department of Labor & Industries ("L&I")'s interpretation and guidance of the EPOA. In a difference of opinion with this Court, L&I distinguished between employees and applicants as to which group has a private cause of action. The L&I is the state agency charged with implementing the EPOA, and it has provided guidance recognizing that job applicants have no ability to bring a civil action under the EPOA but they can obtain EPOA remedies through the L&I administrative process. According to the Washington State Department of Labor & Industries, "***[e]mployees and job applicants*** who believe their rights under the Equal Pay and Opportunities Act have been violated may ***file a complaint with L&I***." (Dkt. 25-3 at 12 (emphasis added).) Through that administrative process, a job applicant who has been injured by a violation of the statute can obtain the remedies set forth under the EPOA. On the other hand, it has determined and announced that "[a]n ***employee*** can file a complaint with L&I for violations of the Equal Pay and Opportunities Act or ***bring a civil action*** against an employer for damages, interest, statutory penalties, costs, and reasonable attorney fees." (*Id.* at 13 (emphasis added).) There is no mention that a job applicant can bring a civil action.

In this matter of first impression, this Court could have found—and other courts may find—that the state agency recognized that an applicant like Plaintiff, who has never been an employee of Aaron's (*see generally* Dkt. 1-1), has no ability to bring a civil action under the EPOA. That agency determination should be entitled to great weight and to deference by the courts. *See City of*

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 10
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Pasco v. Pub. Emp. Relations Comm'n*, 119 Wn. 2d 504, 507, 833 P.2d 381 (1992) ("[W]here an agency is charged with the administration and enforcement of a statute, the agency's interpretation of the statute is accorded great weight in determining legislative intent when a statute is ambiguous."); *State v. Numrich*, 197 Wn.2d 1, 18-19, 480 P.3d 376 (2021) (stating the court "accords substantial weight to an agency's interpretation within its area of expertise and upholds that interpretation if it reflects a plausible construction of the regulation and is not contrary to legislative intent"); *Hama Hama Co. v. Shorelines Hearings Bd.*, 85 Wn.2d 441, 448, 536 P.2d 157 (1975) ("[Agency] expertise is often a valuable aid in interpreting and applying an ambiguous statute in harmony with the policies and goals the legislature sought to achieve by its enactment. At times, administrative interpretation of a statute may approach 'lawmaking,' but we have heretofore recognized that it is an appropriate function for administrative agencies to 'fill in the gaps' where necessary to the effectuation of a general statutory scheme. It is likewise valid for an administrative agency to 'fill in the gaps' via statutory construction--as long as the agency does not purport to 'amend' the statute."). L&I recognized that the legislature consciously chose to include specific enforcement mechanisms for specific individuals. The Amended Order, arguably contradicting L&I's EPOA interpretation and Washington's law on implied causes of action, makes a novel determination on the controlling legal question on which fair-minded jurists could clearly disagree. *See*, *e.g., Mothershead v. Wofford*, No. C21-5186 MJP, 2022 U.S. Dist. LEXIS 124949, at *4-5 (W.D. Wash. July 14, 2022) (finding there were substantial grounds for a difference of opinion on the controlling legal question as the court's order made a novel determination on which jurists could disagree). As such, the Court should certify that there is substantial ground for different of opinion as to the controlling question of law.

### iii. An Intermediate Appeal May Materially Advance the Ultimate Termination of the Litigation

Finally, there is no doubt that an interlocutory appeal would materially advance both this case and the dozens of other similar cases filed by this Plaintiff or Plaintiff's Counsel. "[T]he

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 11
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI*, 22 F.4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027). Here, the interlocutory appeal would not only appreciably shorten the time, effort, or expense of district court proceedings, but a reversal could effectively terminate both this litigation and dozens of similar cases which are now pending before this Court. If a job applicant cannot bring a private cause of action under the EPOA, then this litigation and many other litigations are over, and Plaintiff cannot pursue his EPOA claims in court. Addressing this issue early could thus avoid voluminous discovery, class certification briefing, and summary judgment briefing, as a pure question of law could resolve the litigation in its entirety. *See Padilla*, 2024 U.S. Dist. LEXIS 42562, at *7 (finding an immediate appeal would materially advance the resolution of the litigation as the parties and court would avoid spending their limited resources in litigating a matter that should not be before the court); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1099 (C.D. Cal. 2005) ("Resolution of the issue will both materially advance the litigation and avoid the needless expenditure of judicial resources if the Court of Appeals concludes this court lacks jurisdiction."), *aff'd*, 446 F.3d 1011 (9th Cir. 2006). The Court should thus certify that immediate appeal of the Amended Order may materially advance the ultimate termination of the litigation.

**C.  A Stay of Proceedings is Warranted Pending the Interlocutory Appeal**

The Court has authority to stay proceedings during interlocutory appeal pursuant to 28 U.S.C. § 1292(b), both under § 1292(b) itself, and its inherent authority to manage its docket. *See Casas*, 2015 U.S. Dist. LEXIS 190394, at *11. When considering a stay pending appeal pursuant to § 1292(b), the Court "has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Asis Internet Servs. v. Active Response Grp.*, No. C 07-6211 TEH, 2008 U.S. Dist. LEXIS 117075, at *10-11 (N.D. Cal. Sept. 16, 2008); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 12
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Courts traditionally consider four factors when determining whether to grant a stay pending the appeal of a civil order: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation omitted); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). In applying these factors, the Ninth Circuit employs a "sliding scale" approach whereby "the elements of the . . . test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Leiva-Perez*, 640 F.3d at 964-66 (noting that the sliding scale test for preliminary injunctions described in *Alliance for the Wild Rockies* is the "essentially the same" as the test used in the stay context, and holding that this approach "remains in place" following the Supreme Court's decision in *Nken*). The moving party is not required to show that it will win on appeal, but must show that appellate success is a "reasonable probability" or a "fair prospect," or that "serious legal questions are raised." *Leiva-Perez*, 640 F.3d at 967-68.

Each factor weighs in favor of a stay here. First, the issue Defendant proposes to take up on appeal raises a serious legal question. Courts have found that a question is serious when it raises an issue of first impression within the Ninth Circuit or involves a split in legal authority. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Wilson v. Huuuge, Inc.*, No. 3:18-CV-05276-RBL, 2019 U.S. Dist. LEXIS 33193, at *5-8 (W.D. Wash. Mar. 1, 2019). The issue of whether job applicants have a private right of action under the EPOA is a novel issue of first impression and is clearly a serious legal question under the law. *See United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, No. CV 17-1694 PSG (SSx), 2019 U.S. Dist. LEXIS 221330, at *18 (C.D. Cal. Oct. 8, 2019) (finding a stay appropriate in part because the issue presented a serious legal question as the case was one of first impression); *Scallon v. Scott Henry's Winery Corp.*, No. 6:14-cv-1990-MC, 2015 U.S. Dist. LEXIS 134617, at *4-5 (D. Or. Sept. 30,

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 13
2:23-cv-01742-BJR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

2015) (finding a stay pending disposition of the interlocutory appeal to be appropriate as the question for appeal was a matter of first impression).

Second, the balance of hardships tips in favor of a stay. If the case is not stayed, Aaron's will be harmed as it will be required to proceed through costly discovery even though the case might otherwise be resolved on a pure legal basis. Given the size of this case, this potentially burdensome discovery represents more than the ordinary litigation expenses that would counsel against a stay. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 13-5693-PSG (RZx), 2015 U.S. Dist. LEXIS 95470, at *10 (C.D. Cal. June 8, 2015) ("[M]onetary losses can be considered irreparable harm if defendants are forced to incur much of the expense of potentially unnecessary trial-oriented litigation before their appeal is heard."), aff'd, 709 F. App'x 661 (11th Cir. 2018); *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 U.S. Dist. LEXIS 8343, at *10-11 (E.D. Cal. Jan. 20, 2017) (finding that forcing a party to conduct substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay). Moreover, if the Ninth Circuit reverses the Court's order, the parties will have incurred any discovery costs inefficiently, or possibly needlessly. On the other hand, a stay would not prejudice Plaintiff in this case, as no discovery has taken place, no class action has been certified, and any stay would be only a minimal delay. Given the potential for "substantial, unrecoverable, and wasteful" discovery, the balance of the hardships clearly tips towards Aaron's. *See Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 U.S. Dist. LEXIS 115718, at *9-10 (E.D. Cal. Aug. 27, 2015) (costs of pretrial litigation may amount to irreparable harm when granting a motion to stay would avoid "substantial, unrecoverable, and wasteful discovery costs"); *Deming v. First Franklin*, No. 09-5418RJB, 2010 U.S. Dist. LEXIS 60831, at *4 (W.D. Wash. June 7, 2010) (granting stay of proceedings pending 28 U.S.C. § 1292(b) interlocutory appeal based on efficiency and economy of judicial resources), *aff'd*, 528 F. App'x 775 (9th Cir. 2013); *Hill v. Glebe*, No. 14-5330 RJB-JCC, 2015 U.S. Dist. LEXIS 45429, at *5-6 (W.D. Wash. Apr. 7, 2015) (granting stay of

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 14
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

proceedings pending 28 U.S.C. § 1292(b) interlocutory appeal finding it would be inefficient and a waste of resources to continue proceedings while the matter was on appeal), *aff'd*, 752 F. App'x 484 (9th Cir. 2019).

Finally, public interest weighs in favor of a stay as the Court's Amended Order involves an issue of law that has public importance and relevance to other pending EPOA cases. "[T]he public 'generally has an interest in accuracy of judicial proceedings and in efficient use of government resources." *Flo & Eddie*, 2015 U.S. Dist. LEXIS 95470, at *12. Staying this case pending the appeal will ensure that the Ninth Circuit provides guidance on this important and unresolved issue of whether applicants have a private right of action under the EPOA. *See Scallon*, 2015 U.S. Dist. LEXIS 134617, at *5-6 (finding the public interest lies with correctly resolving the question of law, which potentially impacts future actions). This issue goes well beyond the parties to this case in that, as the Court recites in the Amended Order, "This case is one of 27 lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the defendants." (Dkt. 41 at 1.) A stay would serve the public interest because it would avoid costly and unnecessary litigation for dozens of parties in dozens of lawsuits, thus saving judicial resources, while avoiding risk of redundancy or inconsistent actions.

### III. Conclusion

For the foregoing reasons and on the authorities cited, Aaron's respectfully requests that the Court withdraw Section IV.A and IV.B of its Amended Order, or, in the alternative, certify the Amended Order for interlocutory appeal under 28 U.S.C. § 1292(b) and stay all further proceedings until that appeal is resolved.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 15, 2024, counsel for Defendant Aaron's, LLC conferred with counsel for Plaintiff Jacob Atkinson regarding this motion.

*s/ Todd S. Fairchild*
Todd S. Fairchild WSBA #17654

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 15
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 15th day of May, 2024

ALSTON & BIRD LLP

*s/ Chris Marquardt*
Chris Marquardt (Admitted *Pro Hac Vice*)
Leigh Shapiro (Admitted *Pro Hac Vice*)
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
T: (404) 881-7000
F: (404) 881-7777
chris.marquardt@alston.com
leigh.shapiro@alston.com

DORSEY & WHITNEY LLP

*s/ Todd S. Fairchild*
Todd S. Fairchild WSBA #17654
Dorsey & Whitney LLP
701 5th Ave, Suite 6100
Seattle, WA 98104-7043
T: (206) 903-8800
F: (206) 903-8820
fairchild.todd@dorsey.com

*Attorneys for Defendant Aaron's, LLC*

MOTION FOR RECONSIDERATION,
OR, IN THE ALTERNATIVE TO
CERTIFY INTERLOCUTORY APPEAL - 16
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on this date I caused to be served the foregoing on the following |
| 3 | counsel of record by the method indicated: |
| 4 | |
| 5 | Timothy W. Emery, WSBA No. 34078       ☐ Via Messenger |
|   | Patrick B. Reddy, WSBA No. 34092         ☐ Via Facsimile |
| 6 | Paul Cipriani, WSBA No. 59991             ☐ Via U.S. Mail |
|   | EMERY REDDY, PLLC                            ☐ Via Electronic Mail |
| 7 | 600 Stewart Street, Suite 1100               ☒ Via ECF Notification |
|   | Seattle, WA 98101 |
| 8 | Phone: (206) 442-9106 |
| 9 | Fax: (206) 441-9711 |
|   | Email: emeryt@emeryreddy.com |
| 10 |        reddyp@emeryreddy.com |
|   |        paul@emeryreddy.com |
| 11 | |
| 12 | *Attorneys for Plaintiff Jacob Atkinson* |

Dated this 15th day of May, 2024.

*s/ Troy Wambold*
Troy Wambold, Legal Assistant

CERTIFICATE OF SERVICE
2:23-cv-01742-BJR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820