The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB ATKINSON,

    Plaintiff,

v.

AARON'S LLC, *et al.*,

    Defendants.

NO. 23-cv-1742-BJR

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL**

## I. INTRODUCTION

This case was originally filed in King County Superior Court alleging that Defendant, Aaron's, LLC DBA Aaron's Sales & Lease Ownership, LLC ("Aaron's") had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Aaron's removed the case to this Court on the basis of diversity jurisdiction and filed a motion to dismiss, which this Court granted and subsequently ordered the case be remanded back to King County Superior Court pursuant to 28 U.S.C. § 1447(c). *See* Am. Order, ECF No. 41. Now pending before the Court is Aaron's motion seeking partial reconsideration, or, in the alternative, requesting the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 1

Court to certify the Amended Order for interlocutory appeal under 28 U.S.C. § 1292(b) and stay further proceedings. Mot., ECF No. 42. Having reviewed the materials[1] and the relevant legal authorities, the Court will grant in part and deny in part Aaron's motion and lift the temporary stay of remand. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On March 9, 2023, Jacob Atkinson applied for a job opening with Aaron's at its store in Longview, Washington. Compl. ¶¶ 8, 14-15, 29; Ex. 1, ECF No. 1-1. He alleges that the job opening for a sales associate was posted on Aaron's website (jobs.aarons.com) and did not disclose the wage scale or salary range. *Id.* ¶¶ 14-15; Ex. 1.  Mr. Atkinson claims to represent more than 40 potential class members who also applied for jobs with Aaron's for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. By its dismissal motion, Aaron's contended that Mr. Atkinson lacked standing to bring a private cause of action, failed to allege that he was a Washington resident when he applied for the sales associate position, and failed to allege that he applied in good faith with the intent of gaining employment. Dismissal Mot., ECF No. 24. The Court addressed the parties' arguments regarding Mr. Atkinson's standing to sue Aaron's, and ultimately concluded that Mr. Atkinson lacked constitutional standing, requiring remand of this case back to state court. Am. Order.

## III.   DISCUSSION

Aaron's seeks partial reconsideration of the Amended Order, asking the Court to strike some of the analysis it undertook, which Aaron's deems was unnecessary to the threshold determination that constitutional standing does not exist. Mot. 1. Alternately, Aaron's requests that the Court

---

[1] Including the motion, ECF No. 42; response in opposition, ECF No. 45; and reply, ECF No. 46.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 2

certify the Amended Order for interlocutory appeal under 28 U.S.C. §1292(b), and that the Court stay further proceedings during the pendency of the interlocutory appeal. *Id.* at 2.

### A. Partial Reconsideration

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Such motions are disfavored and, absent exceptional circumstances, are only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Id.* at 1263; Western District of Washington Local Rule 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."); *see also* Standing Order § H, ECF No. 13.

Aaron's argues that the Court should have declined to address issues related to statutory standing and contends that since the Court found that Mr. Atkinson lacked constitutional standing, the analysis related to statutory standing is mere *dicta* and should be stricken. Mot. 5. Aaron's also "acknowledges that it is not necessarily improper to address statutory standing issues before addressing constitutional standing issues." *Id.* (citing cases). Mr. Atkinson neither opposes nor addresses this request. Opp'n 1-2, ECF No. 45.

Although there is no showing of manifest error or any intervening change in controlling law, in its discretion, the Court will strike Sections IV.A and IV.B from its Amended Order. The statutory standing analysis undertaken was intertwined with the constitutional standing analysis,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 3

which is evident from the parties' own arguments in their briefs regarding Aaron's dismissal motion. *See* ECF Nos. 24, 29, 32. However, given the Court's ultimate conclusion that Mr. Atkinson did not have constitutional standing, the additional analysis becomes advisory, and certainly is not binding on the State court to whom the case is being remanded. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) ("[O]nly Supreme Court law is binding on the states. . . ."); *Yniguez v. State of Ariz.*, 939 F.2d 727, 736 n.9 (9th Cir. 1991) (noting that a decision of a federal trial court is not binding on the courts of a State). Accordingly, the Court strikes Sections IV.A and IV.B from its Amended Order (page 8, line 11 to page 12, line 23).

### B. Interlocutory Appeal

Generally, the United States Courts of Appeal have jurisdiction only over appeals from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created a limited exception to the final-judgment rule in 28 U.S.C. § 1292(b), which "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir. 1981) (*en banc*). Known as an interlocutory appeal, these appeals are approved only in "rare circumstances" because they are "a departure from the normal rule that only final judgments are appealable," and therefore requests for interlocutory appeals "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070, n. 6 (9th Cir. 2002); *see also In re Cement Antitrust*, 673 F.2d at 1026 (stating that Section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation"). The party seeking interlocutory appeal "bears the heavy burden of demonstrating that the case is an

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 4

exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

In its Reply, Aaron's notes that since Mr. Atkinson essentially consented to the withdrawal of Sections IV.A and IV.B from the Court's Amended Order, it is unnecessary to address the interlocutory appeal. Reply 2. Further, the issues are uniquely state court issues, i.e., how Washington state courts would interpret provisions in the Washington Equal Pay and Opportunities Act. State courts provide the authoritative adjudication of questions of state law. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 48, (1997) ("Federal courts lack competence to rule definitively on the meaning of state legislation.").

Accordingly, Defendant's request to certify interlocutory appeal is denied, and this case shall be remanded to the King County Superior Court.

## IV. CONCLUSION

For the foregoing reasons,

1. Defendant Aaron's, LLC's Motion for Partial Reconsideration, or, in the Alternative, to Certify Interlocutory Appeal and Stay Proceedings, ECF No. 42, is GRANTED IN PART and DENIED IN PART;

    a. The Court hereby strikes Sections IV.A and IV.B. from the Amended Order, ECF No. 41;

    b. The Court denies Defendant's request to certify interlocutory appeal.

2. This case is remanded to King County Superior Court.

DATED this 26th day of June 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

- 5